By the Court.—Sedgwick, Ch. J.
Assuming, as the parties have assumed on the argument, that this was an award of costs against the plaintiff to be made out of his own property, the clerk’s action was incorrect if it be conceded that the action was brought by plaintiff in a representative capacity.
Section 3247 says that, in an action like this, costs must be awarded “ as in an action by a person prosecuting in his own right,” but they are exclusively chargeable upon and collectible from the estate fund or person represented, unless the court directs them to be paid by the party personally for mismanagement or bad faith in the prosecution of the action. There has been no direction as to plaintiff’s liability in consequence of bad faith. The court that ordered what judgment should be entered did not make such a direction. Whatever the judgment, in form, the costs could not be collected except from the estate, and I take it, the words “ as in an action by a person prosecuting in his own right,” *566 mean, only that there shall be an absence from the award of any discrimination as to whether the person or the estate is to pay, and not that a true description of the plaintiff, as it appears on the record, shall be omitted. And therefore the clerk should have described the plaintiff as the pleadings described him, that is, as administrator, &c.
The court making the order below, had power to correct the mistake of the clerk in this respect. I think, however, that there should not have been inserted the words “exclusively chargeable upon and collectible from the estate or funds of said James Garvey, deceased.” These words to be sure, embody only a true legal consequence of the award of costs against the plaintiff as administrator, but inserting them is therefore unnecessary, and perhaps implies that there has been an adjudication that the plaintiff has been held, by the court trying the case, as not liable personally. It does not appear that the court has had the question presented.
The learned counsel for the defendant argues, that by the record it appears that the case is not within section 3246, and for the reason that on the whole record, it appears that the plaintiff did not bring the action in his representative capacity.
The court in Thompson v. Whitmarsh, 100 N. Y. on p. 40, said in considering the effect of sections 449 and 1814, that “ the effect of the section and the change produced by it, is upon the class of cases in which the action could have been maintained in either form; as where, upon a contract made with the testator, the cause of action accrued after his death; or where, upon a debt or obligation due to the deceased, the executor has taken a new security or evidence of debt. In these cases, before the code, the action might be in the individual or representative name, but now must be in the latter.” Cole v. McClellan, 4 Hill 59.
The substance of the claim, not regarding unnecessary details, is the following: The plaintiff’s intestate died, *567 being liable to pay a certain bond made by him and secured by property owned by him at the time he made the bond. When he died, he had executed a deed conveying the property to third parties, whose representatives are the defendants to this action. This deed was not upon record at the time of his death. After his death the plaintiff, as administrator, paid the bond and mortgage and took a satisfaction piece, in ignorance that the land had been conveyed by his intestate. In this action he claims, that if the mistake were held corrected in equity, he then would have been entitled to an assignment of the mortgage, on the ground that the land was the primary fund for its payment. The ground of this claim was the right of his intestate to be held as a quasi equitable surety, and it is upon such a right only that there could be a recovery. For this reason, I am of opinion, that the plaintiff’s claim is only that of a representative.
Perhaps none of these facts existed, and perhaps the testator was not a surety. Yet, the only question here is, in whose behalf did he sue or could he have, sued in his own. This must be answered favorably to the plaintiff.
The order appealed from should be modified by strik- . ing out the words “ exclusively chargeable,” etc., and as modified affirmed, without costs.
Tbuax and Dugbo, JJ. concurred.